UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
BETTY M. MAVINS,

                                    Plaintiff,

      -against-

JAMARIS SANCHEZ, *et al.*,

                                  Defendants.
-------------------------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**
4:42 pm, Nov 26, 2024
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
24-CV-8124 (JMA)(ARL)

**AZRACK, United States District Judge:**

Before the Court is *pro se* Plaintiff Betty Mavins's application to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) For the reasons that follow, the application to proceed IFP is DENIED WITHOUT PREJUDICE and with leave to renew upon filing, **by December 11, 2024**, the AO 239 Long Form IFP application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $405.00 filing fee by December 11, 2024.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. *DiGianni v. Pearson Educ.*, 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing *Choi v. Chemical Bank*, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)). The Court may dismiss a case brought

by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application raises more questions than it answers. Plaintiff reports that she is not employed and she listed as income some items that appear to be expenses, which are duplicative of her responses to the question that calls for regular monthly expenses. For example, Plaintiff wrote "Boost Mobile – 26.37" and "AARP – 67.20" in response to the question that calls for income received and in response to the question that asks for expenses. (IFP App., ECF No. 2, ¶¶ 3, 6.) Further, in the space that calls for regular monthly expenses such as housing, transportation, and utilities, Plaintiff wrote "PSEG – 16.00 Share – CDLISO – 247" and then listed four prescription medications and the costs of each one. (*Id*. ¶ 6.) Curiously, Plaintiff did not report any regular monthly expenses for housing or her telephone, although she includes a residential address and telephone number in her complaint. (*Id.*; *see also* Compl., ECF No. 1.) Further, Plaintiff wrote "0" in the space that calls for the amount of money she has in cash or in an account and wrote "N/A" in response to questions concerning owned items of value, amounts paid for dependents, and outstanding additional debts. (*Id*. ¶¶ 5, 7-8.)

Given that Plaintiff has provided incomplete information, the Court finds that Plaintiff can best provide her current financial situation on the Long Form. Accordingly, the application to proceed IFP is denied without prejudice and with leave to renew on the Long Form. *Piniero v. Comm'r of Soc. Sec.*, No. 23-CV-8226, 2023 WL 8461690, at *2 (E.D.N.Y. Nov. 27, 2023) (denying IFP motion with leave to renew on the Long Form).

Plaintiff is directed to complete and return the Long Form or to remit the $405.00 filing fee by **December 11, 2024**.[1]  If Plaintiff does not timely comply with this Order, the Court may dismiss the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at her address of record and to note such mailing on the docket.

**SO ORDERED**.

|  |  |
|---|---|
| Dated: November 26, 2024<br>Central Islip, New York | /s/ JMA<br>JOAN M. AZRACK<br>UNITED STATES DISTRICT JUDGE |

---

[1]  Once paid, there are no refunds of the filing fee regardless of the outcome of the case.  Accordingly, Plaintiff is encouraged to consult with the Hofstra Law *Pro Se* Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated *pro se* litigants. The Court notes that the *Pro Se* Clinic is not part of, nor affiliated with, the United States District Court. The Clinic offers services such as: providing brief legal counseling, explaining federal court rules and procedures, and reviewing and editing draft pleadings and correspondence with the Court.  Consultations with the *Pro Se* Clinic can be conducted remotely via telephone.  The *Pro Se* Clinic may be contacted at PSLAP@Hofstra.edu or (631) 297-2575.