UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BETTY M. MAVINS,

      Plaintiff,

                **MEMORANDUM**
  v.              **AND ORDER**
                24-CV-08124-SJB-ST


UNITED STATES POSTAL SERVICE, et al.,

      Defendants.
----------------------------------------------------------------X
**BULSARA, United States District Judge:**

   Before the Court is the Amended Complaint filed *pro se* by Betty M. Mavins

("Mavins") and her renewed motion to proceed *in forma pauperis* ("IFP").  (Am. Compl.

dated Dec. 30, 2024 ("Am. Compl."), Dkt. No. 8; Mot. to Proceed IFP dated Dec. 9, 2024

("IFP Mot."), Dkt. No. 7).  The Court finds that the financial information reported by

Mavins now qualifies her to commence this action without prepayment of the filing fee.

Accordingly, the renewed IFP motion is granted.

   However, the Amended Complaint is dismissed without prejudice for lack of

subject matter jurisdiction.  Mavins is granted 30 days—until July 7, 2025—to file an

amended complaint.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

   Mavins commenced this action on November 7, 2024, and named two

individuals as defendants, Jamaris Sanchez ("Sanchez") and "Charlene."[1]  (Compl.

---

[1] Sanchez is alleged to be a "letter carrier" and Charlene a supervisor at the
Hempstead Post Office located in Hempstead, New York.  (Compl. at 2).

dated Nov. 7, 2024 ("Compl."), Dkt. No. 1 at 2). By Order dated November 26, 2024, District Judge Joan M. Azrack denied her motion to proceed IFP without prejudice and with leave to renew. (*See* Order dated Nov. 26, 2024, Dkt. No. 4; Appl. to Proceed IFP dated Nov. 7, 2024, Dkt. No. 2). On December 9, 2024, Mavins filed a renewed IFP motion, and on December 30, 2024, an Amended Complaint. (IFP Mot.; Am. Compl.). On January 17, 2025, this case was reassigned to the undersigned.

The Amended Complaint names as defendants Sanchez and Charlene, and also adds the United States Postal Service ("USPS" and collectively, "Defendants"). (*See* Am. Compl. at 1). Mavins alleges that for the past two years, Sanchez and Charlene have engaged in mail theft and delivery delay tactics, including stealing a birthday card with cash, delaying her mail by several months, and stopping her first class mail entirely—including mail from her bank, landlord, and Medicaid/Medicare. (*Id.* ¶¶ 2–4, and at 3–4). Mavins alleges that as a result, she has suffered financial harm, fines for delayed utility payments, and physical effects such as hypertension. (*Id.* ¶¶ 2, 4). Mavins seeks $5,000,000. (*Id.* at 1).

## DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The determination of whether a party has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). "Where, as here, the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)); *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants . . . 'to raise the strongest arguments they suggest'" (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994)). "This is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

"Before deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter," *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205–06 (2d Cir. 2019), including cases brought by IFP complainants. *E.g.*, *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-5369, 2012 WL 1657362 at *2, *5 (E.D.N.Y. May 7, 2012) (dismissing claims under IFP Statute where court lacked subject matter jurisdiction). Thus, "[n]otwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Id.* at *3 (citing *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)). "[F]ailure of subject matter jurisdiction . . .

3

may be raised . . . by the court *sua sponte*." *Lyndonville*, 211 F.3d at 700.  The Federal

Rules of Civil Procedure mandate that "[i]f the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Relatedly, it is well established that "[t]he doctrine of sovereign immunity bars

federal courts from hearing all suits for monetary damages against the federal

government, including federal agencies . . . unless sovereign immunity has been

waived."  *Humphrey v. Internal Revenue Serv.*, No. 22-CV-1052, 2022 WL 17728194, at *1

(2d Cir. Dec. 16, 2022) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  The

doctrine is jurisdictional, and where present, the Court must dismiss the claim barred

by sovereign immunity pursuant to Rule 12(b)(1).  *See Wake v. United States*, 89 F.3d 53,

57 (2d Cir. 1996).

Suits against the USPS and its employees are barred by sovereign immunity,

unless an exception applies.  See *Dolan v. USPS*, 546 U.S. 481, 484 (2006).  The well-

known exception is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–

2680, which provides for a waiver of sovereign immunity for injuries arising from the

tortious conduct of federal officers or agents "acting within the scope of his office or

employment[.]"  28 U.S.C. § 1346(b)(1).  But there are exceptions to the exception, and as

relevant here, the "postal matter exception" restores immunity for "[a]ny claim arising

out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28

U.S.C. § 2680(b); *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004); *see also Dolan*, 546

U.S. at 489 (construing "postal matter exception" as encompassing "injuries arising,

4

directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address").

The Second Circuit has held that the postal matter exception "was not aimed to encompass intentional acts." *Birnbaum v. United States*, 588 F.2d 319, 328 (2d Cir. 1978). Mavins alleges that the interference with her mail and other conduct directed towards her by postal employees was intentional. (Am. Compl. at 4 ("Jamaris has opened my [mail] . . . . Her goal was to get my lights turned off[.]")). The Supreme Court recently granted certiorari to address this very question. *USPS v. Konan*, No. 24-CV-351, 2025 WL 1151223, at *1 (U.S. Apr. 21, 2025); Petition for Writ of Certiorari, *Konan*, 2024 WL 436081 (Sept. 27, 2024) ("The question presented is . . . [w]hether a plaintiff's claim that she and her tenants did not receive mail because Postal Service employees intentionally did not deliver it to a designated address arises out of 'the loss' or 'miscarriage' of letters or postal matter.").

But even construing Mavins's allegations as falling outside of the "postal service exception" to the statute's waiver of immunity, her FTCA claim still must be dismissed for lack of subject matter jurisdiction. The FTCA requires that a plaintiff present a notice of claim "to the appropriate Federal agency[.]" 28 U.S.C. § 2675(a). If the agency fails to make a final decision on the claim within six months after filing, the claimant may bring an action in federal court. *Id.* Where a plaintiff fails "to exhaust their administrative remedies as mandated by the FTCA, the district court lack[s] subject matter jurisdiction to entertain their tort claims against the United States." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998); *see also Collins v. United States*, 996 F.3d

5

102, 109 (2d. Cir. 2021) (holding that a FTCA claim must be presented to the USPS before federal subject matter jurisdiction attaches).  Because Mavins's Amended Complaint fails to allege that she filed a notice of claim and pursued administrative remedies first, this Court must dismiss her case for lack of subject matter jurisdiction.

Mavins's Amended Complaint was filed as of right, because no summons had yet issued and so the filing falls within the parameters of Rule 15.  Fed. R. Civ. P. 15(a)(1)(A)(2).  A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotations omitted).  Because Mavins filed her Amended Complaint before being apprised of the deficiencies, she should have at least one opportunity to demonstrate that she presented a notice of claim.  The Court therefore grants Mavins leave to file a second amended complaint to allege facts establishing subject matter jurisdiction. Mavins is also encouraged to call the Pro Se Legal Assistance Clinic at 631-297-2575 to discuss with an attorney this opinion and the need to present her claim to the appropriate federal agency before commencing a lawsuit in her federal court.

## CONCLUSION

For the reasons set forth above, Mavins's IFP motion is granted, but the Amended Complaint is dismissed without prejudice.  Mavins has until Monday, July 7, 2025 to file a second amended complaint that alleges that she presented her claim to the appropriate federal agency.  Should she fail to file a complaint by July 7, 2025, the Clerk of Court will be directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 19l5(a)(3) that any appeal would not be taken in good faith.  Therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Mavins at her address of record and note such mailing on the docket.

SO ORDERED.

*/s/ Sanket J. Bulsara*

SANKET J. BULSARA

United States District Judge

Date:  June 6, 2025

Central Islip, New York